# OPELOUSAS,

### IN

# AUGUST, 1847.

PRESENT : *

Hon. PIERRE ADOLPHE ROST,  
Hon. GEORGE ROGERS KING,  } *Associate Justices.*  
Hon. THOMAS SLIDELL,

## SEGURA, Under-tutor, v. PRADOS, Tutor.

Notoriously bad conduct, or unfaithfulness in the administration of the property of the minors, are the only causes for which a father can be legally excluded, or removed, from the tutorship of his children. C. C. 326. Proof that a father is improvident, careless in pecuniary matters, and wanting in habits of industry, or that he had not caused an inventory to be made, where the delay resulted from no indisposition on his part to take the necessary steps to protect the interests of the minors, are not sufficient to warrant his removal from the tutorship.

APPEAL from the Court of Probates of St. Martin, *Briant*, J. *Brent*, for the plaintiff, cited Civil Code, arts. 266, 269, 323, 324, 326, 1013, 1015, 1016, 1017. *De Blanc* and *Magill*, for the appellant. The judgment of the court was pronounced by

KING, J. The defendant has appealed from a judgment removing him from the tutorship of his minor children. The grounds on which his removal is asked for are, the notoriously bad conduct of the defendant, and his unfaithfulness in the administration of the property of the minors. These are the only causes known to our laws for the exclusion or removal of the father from the tutorship of his children, and we think that the plaintiff has failed to show the existence of either. C. C. 326.

The facts mainly relied on in support of the averment of an unfaithful administration are, that the defendant caused no inventory to be made of the estate in which the minors are concerned, and that, without such inventory, he alien-

* Chief Justice EUSTIS was not present during this term.

SEGURA
v.
PRADOS.

ated moveable effects belonging to the community. The evidence shows that the defendant repaired from New Orleans to St. Martinsville, for the purpose of causing an inventory to be made ; that he employed an attorney to take the legal steps to accomplish that end ; that the latter was prevented by a pressure of business from attending to this engagement; and that, notwithstanding the repeated applications of the defendant, proceedings were postponed from time to time until the institution of this action. The failure to observe this formality, then, appears to have arisen from no indisposition on the part of the defendant to take the measures necessary for the protection of his children's interests. The only effects alienated by the defendant appear to have been a few articles of merchandise amounting to about three or four dollars, but for what purpose, or under what circumstances, has not been shown.

The charge of bad conduct is in our opinion equally unsupported by the evidence. The testimony shows that the defendant is improvident, careless in his pecuniary affairs, and perhaps wanting in habits of industry : but it does not appear that he is addicted to any such vices or immoralities of conduct, as should deprive a father of the care and protection of the persons and property of his children.

It is therefore ordered that the judgment of the Probate Court be reversed, and that there be judgment for the defendant ; the appellee paying the costs of both courts.