(76 South. 247)

No. 22461.

HEITKAMP v. RAGAN et al.

(June 11, 1917. Rehearing Denied June 30, 1917.)

*(Syllabus by the Court.)*

1. PARENT AND CHILD ⬤⟿2(1)—RIGHTS OF PARENT.

A child remains subject to his parents until his majority or emancipation.

2. PARENT AND CHILD ⬤⟿2(2)—CUSTODY—TUTORSHIP.

On the dissolution of the marriage by death, the tutorship of right belongs to the surviving parent.

3. GUARDIAN AND WARD ⬤⟿11—TUTORSHIP—CUSTODY.

The right of appointing a tutor, whether a relation or a stranger, belongs exclusively to the father or mother dying last.

4. PARENT AND CHILD ⬤⟿2(4)—CUSTODY—RIGHT TO.

The right to the care, custody, and control of a child being granted by law to the father, the court will uphold his authority, unless it is proved that the father is disqualified by unfitness to have such care, custody, and control of his minor child.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Application by Charles Heitkamp for a writ of habeas corpus against Mrs. Alice Ragan and others. From a judgment for plaintiff, defendants appeal. Affirmed.

H. W. Robinson, of New Orleans, for appellants. Joseph Sinai, of New Orleans, for appellee.

SOMMERVILLE, J. Relator sued out a writ of habeas corpus directed to respondents, the mother and two brothers of his deceased wife, asking that they be condemned to produce in court the minor daughter of him and his deceased wife, named Murial Rosaland Ragan, and that the said daughter Murial be at once released and restored to his care, keeping, and custody.

Respondents answered that relator was neither able nor willing to provide, care for, nor educate the child; that he is by habit, disposition, and temperament an improper person to be made the custodian of a female child of 5½ years old, of delicate health, and accustomed to the devoted and affectionate care of her grandmother; that relator was cruel and brutal to his wife, that he assaulted and choked her, and compelled her in fear of her life to flee to her mother's home for protection; that he has failed to provide his wife with the necessities of food and clothing; that he foully defamed and abused his wife; and that she had sued him for separation from bed and board. Further, that the spouses had become reconciled, but that relator was guilty of constant cruelty to her, of continuous intoxication, and indulged in continuous abuse of her, and failed to provide her with proper clothing; that relator, in a drunken state, struck his wife with his fist in her side and chest, resulting in injuries to her which necessitated an operation being performed, of which she died on December 22, 1916; that it was the dying wish of the baby's mother that the child should be reared and taken care of by its grandmother, one of the respondents; that relator has no home of his own to which to take the said girl baby; that he lives with his mother, who is absent from her home at her place of business during the day, and that there are no female relatives of the child residing in the home of the father's mother all day; that the child is devoted to its maternal grandmother and aunt, and that they are devoted to her; and that it would be contrary to the happiness of the child to take it from its grandmother.

There was judgment in favor of relator, and respondents have appealed.

On the trial, respondents offered evidence to prove marital infelicity between the spouses during the lifetime of the wife, which was objected to, which objections were properly sustained. This is not a suit for separation from bed and board; and the misunder-

standings and difficulties between the husband and wife could have no effect in determining the worthiness, or unworthiness, of the father to take and have charge of his minor child.

The trial judge permitted the introduction of all evidence which tended to show what the habits, disposition, and temperament of the relator were; and he was of the opinion that the allegations of the answer to the effect that relator was unworthy were not sustained by the evidence. We agree with the findings of the judge. No evidence was offered as to the treatment, by relator, of his child.

[1-4] The law clearly makes it the privilege and the duty of the father to rear and provide for his children; and, on the death of either spouse the tutorship of the minor children belongs of right to the surviving father or mother. C. C. 250. The child remains subject to the control of its parents, or the surviving parent, until his or her majority or emancipation. C. C. 216. And the right of appointing a tutor, whether a relation or a stranger, belongs exclusively to the father or mother dying last. C. C. 257.

"For depriving the father of the tutorship of his [minor] children, a strong case should be made out. In re Alexander, 127 La. 853, 54 South. 125; [Ozanne v. Delile], 5 Mart. (N. S.) 21; [Segura v. Prados], 2 La. Ann. 751." Ex parte Lincoln, 128 La. 278, 54 South. 818.

We have held: A judge has some discretion over the care and custody of children; but it has to be exercised on solid and substantial grounds. Nor can the fact that other people are attached to the child, or that the child is attached to other people, or that the ability of other people can better provide for the care, etc., of the child deprive the father of his parental right and authority to have the care and custody of his own child. State ex rel. Kearney v. Steel, 121 La. 215, 46 South. 215, 16 L. R. A. (N. S.) 1004. The burden is on those resisting the father to show his disqualification and unfitness to have the care and custody of his children. Weir v. Marley, 99 Mo. 484, 12 S. W. 798, 6 L. R. A. 672.

"The discretion to be exercised is not an arbitrary one, but in the absence of any positive disqualification of the father for the proper discharge of his parental duties, he has, as it seems to us, a paramount right to the custody of his infant child, which no court is at liberty to disregard. And while we are bound also to regard the permanent interests and welfare of the child, it is to be presumed that its interests and welfare will be best promoted by continuing that guardianship which the law has provided until it is made plainly to appear that the father is no longer worthy of the trust. The breaking of the ties which bind the father and the child can never be justified without the most solid and substantial reasons." Hibbette v. Baines, 78 Miss. 695, 29 South. 80, 51 L. R. A. 839; State v. Deaton, 93 Tex. 243, 54 S. W. 901; State v. Richardson, 40 N. H. 275.

Evidence of the infelicities between husband and wife, sought to be introduced were of acts done in the past, and they could not have shown the character and temperament of relator at the time of the trial of this suit. He might have undergone a very material change in a period of years.

Respondents have not shown that relator is disqualified to have possession of his child; and the court will recognize his right to the custody of it.

Judgment affirmed.