(134 So. 87)

**STATE ex rel. BETHANY v. CORLEY et ux.**

No. 30778.

March 30, 1931.

Foster R. Taylor, of Arcadia, for appellants.

J. R. Goff, of Arcadia, for appellee.

BRUNOT, J.

This is a habeas corpus proceeding. The relator seeks to recover possession of his minor daughter, who is now in custody of the respondents, the uncle and aunt of the child's deceased mother. In the trial court

there was judgment in favor of the relator, and the respondents appealed.

In 1919 the relator married Lillie Corley, and established the matrimonial domicile in Arkansas, where the child was born. A few months after the birth of the child the parties separated. The wife returned, with the child, to Louisiana, and lived with respondents until her death, which occurred in 1929. The relator obtained a divorce from his wife by a decree of a chancery court of Arkansas, but the custody of the child was not put at issue in that suit. In a subsequent suit for the custody of the child, which the wife instituted in Louisiana by way of substituted service, of which relator contends he was not notified, the wife obtained judgment awarding her the custody of the child. After the death of Mrs. Bethany, relator filed this proceeding.

The only real issue presented is one of fact. Upon reading the testimony in the record, we fully concur in the trial judge's finding that it conclusively established the relator's willingness, ability, and moral fitness to properly care for, rear, and educate his daughter. There is a suggestion that the relator's financial situation may not permit him to surround his daughter with the same degree of culture and refinement obtainable in the home of respondents, but this is a mere suggestion, which is not warranted by the proof, and which, if true, would not justify the court in denying relator the relief prayed for. In the case of State ex rel. Monroe et ux. v. Ford, 164 La. 149, 113 So. 798, 800, this court, through Mr. Justice Rogers, said:

"The mere fact that the defendant is better able than the relators to take care of the child in a material way does not warrant the court in refusing to recognize the right of the mother to the custody of her child. The love of a mother for her child is one

of the most powerful of the human emotions. It is the best guaranty of the child's welfare. The home, though one of poverty, in which that love finds expression is infinitely more preferable for the child than the home of a wealthier guardian with its luxury and social advantages."

The principle announced in the foregoing case is applicable alike to father and mother, although it is conceded that a mother's love for her offspring is less unselfish and of a more refined tenderness than is characteristic of the sterner sex. In the case of State ex rel. Martin et al. v. Talbot, 161 La. 192, 108 So. 411, 413, Mr. Chief Justice O'Neill, the organ of the court, reviewed the authorities at length, and said:

"The courts are not authorized to interfere with a parent's authority over his or her child except in cases where the physical or moral welfare of the child is endangered by neglect or abuse or vicious or immoral habits on the part of the parent."

Respondents contend that the child has been with them since its infancy, that it has known no other home, that it has been the recipient of their love and devotion and of every advantage conducive to its welfare and happiness, and to take it away from them and transplant it in a far-away home of modest proportions and means "would be a tragedy in her life that would follow her to her grave." Such was the situation presented in the Martin-Talbot Case, and we there said:

"The separation of the child from her foster parents in this case is going to be very sorrowful to them. In awarding the child to the mother, we trust that she will show her womanly compassion by softening the conditions, as she alone can. The child's disappointment will soon be forgotten. Nature will see to that."

The relator can, and we trust he will, soothe the sorrow and soften the conditions which must follow as a result of the termination of this litigation.

For the reasons stated, the judgment is affirmed, at appellant's cost.