FOURNET, Justice.
 

 Relator instituted habeas corpus proceedings for the custody of his four year old son who was in the possession of his late wife’s father and stepmother, respondents herein.
 

 Respondents, in obedience to the writ of habeas corpus, produced the child in open court on the return day and filed their answer, admitting the possession of the boy, but denied that relator was a proper person to whom the care, custody, and control of his boy should be intrusted and averred that they were in a better position to take care of the child than was his father and, accordingly, they should ' be awarded his custody.
 

 Relator immediately filed a motion for judgment upon the pleadings. The trial judge overruled the motion and, after trial on the merits, awarded the custody of the child to Yespondents, and relator has appealed.
 

 It is the well-settled jurisprudence of this state that the courts are not authorized to interfere with a parent’s authority over his children, except if “the court is satisfied that he [or she] will neglect them, or expose them to improper influences, in which case the paramount interest which society has in seeing to it that they be well taken care of and properly brought up would justify the court in making some other disposition of them.” Ex parte Lincoln, 128 La. 278, 54 So. 818, 819. See, also, Civ. Code, art. 216, State ex rel. Martin et al. v. Talbot et ux., 161 La. 192, 108 So. 411, and State ex rel. Bethany v. Corley et ux., 172 La. 266, 134 So. 87.
 

 In the case of Heitkamp v. Ragan, 142 La. 81, 76 So. 247, 248, the court said:
 

 “The burden is on those resisting the father to show his disqualification and unfitness to have the care and custody of his children.”
 

 We have read the decisions cited by counsel for relator and the respondents, as well as other cases reported in our annuals touching upon this subject, and while
 
 *923
 
 each case stands on its own merits, we think the rule applied in the case of Heitkamp v. Ragan, supra, is proper and sound. In that case the court said:
 

 “A judge has some discretion over the care and custody of children; but it has to be exercised on solid and substantial grounds. Nor can the fact that other people are attached to the child, or that the child is attached to other people, or that the ability of other people can better provide for the care, etc., of the child deprive the father of his parental right and authority to have the care and custody of his own child.” Citing State ex rel. Kearney v. Steel, 121 La. 215, 46 So. 215, 16 L. R. A. (N. S.) 1004.
 

 “The discretion to be exercised is not an arbitrary one, but in the absence of any positive disqualification of the father for the proper discharge of his parental duties, he has, as it seems to us, a paramount right to the custody of his infant child, which no court is at liberty to disregard. And while we are bound also to regard the permanent interests and welfare of the child, it is to be presumed that its interests and welfare will be best promoted by continuing that guardianship which the law has provided until it ' is made plainly to appear that the father is no longer worthy of the trust. The breaking of the ties which bind the father and the child can never be justified without the most solid and substantial reasons.” Citing Hibbette v. Baines, 78 Miss. 695, 29 So. 80, 51 L. R. A. 839.
 

 Counsel for respondents contends that while the father may have a natural and legal right to the custody and care of his minor, the pleadings and facts in this case justify the court’s judgment in granting the custody of the child to them.
 

 We do not deem it necessary or pertinent to discuss the several incidents in the relator’s life between the time he married and the time he went to El Paso, set out in respondents’ answer as reasons why he should not have the custody of his son, and the evidence touching upon that subject-matter. We think that these several charges against relator were the direct results of the national depression and in no way caused by his fault.
 

 That relator was a splendid young man at the time of his marriage is attested to by respondent Mr. Carkuff, but at that time he held a good position; he was in charge of a shoe department of a large store in Little Rock and doing well. Later the department was closed on account of lack of business and he thereby, lost his position.
 

 The record reveals that the life of relator is a sad story and all the incidents related by respondents and their witnesses were the result of the efforts of a young man, who constantly sought employment in order to have his wife and son with him. This necessarily entailed expenditures and costs which, in his determined though vain efforts, were left» for some one else to pay, and it was only natural
 
 *925
 
 for his wife to appeal to her father, who had a splendid position and could well afford to pay these hills.
 

 There is no evidence in the record to show that relator is immoral or unfit to have the custody of his minor child; in fact, since July, 1932, the uncontradicted testimony of at least a half dozen leading citizens of El Paso acclaims relator one of its finest young men. The father is now in a position to provide the child with a comfortable home and proper care. Although it is true that respondents are financially in a better position than relator to care for the boy, who does not know his father because the child has lived with respondents since his birth, nevertheless we do not think that “ * * * the fact that other people are attached to the child, or that the child is attached to other people, or that the ability of other people can better provide for the care, etc., of the child deprive the father of his parental right and authority to have the care and custody of his own child.” Heitkamp v. Ragan, supra.
 

 For the reasons assigned, the judgment of the lower court is annulled, and it is ordered, adjudged, and decreed that relator be and he is hereby granted the care, custody and control of his child, Gordon Perdue, Jr.; respondents to pay the costs of this suit.
 

 O’NIELL, C. J., dissents.
 

 HIGGINS, J., absent.