FOURNET, Justice
 

 (dissenting).
 

 Under the express provisions of the Revised Civil Code and under the jurisprudence of this state, the custody of a minor child, upon the death of either parent, belongs
 
 of right
 
 to the other, and the courts, have no right or authority to -divest the parent of this • right “* * * except if. ‘the court is satisfied that he (or she) will neglect them, or expose them to improper, influences, in which case the paramount interest which society has in seeing to it that they be well taken care of and properly brought up would justify the court in making some other disposition of them.’ Ex parte Lincoln, 128 La. 278, 54 So. 818, 819.” State ex rel. Perdue v. Carkuff, 182 La. 920, 162 So. 729. See, also,. State ex rel. Burleigh v. Savoie, 185 La. 985, 171 So. 98; Articles 216 and 250 of the Revised Civil Code. '(Brackets ours.)
 

 In the majority opinion it is said: “But the evidence in this case leaves a grave doubt as to whether the father is financially or otherwise prepared to take care of his child *• * *and the conclusion is “* * * to remand this case to the district court for the introduction of more
 
 *905
 
 evidence on the question of the father’s ability or inability to care for his child * *
 
 * »
 

 “We have held: A judge has some discretion over the care and custody of children; but it has to be exercised on solid and substantial grounds. * * *
 
 ‘The discretion to he exercised is not an arbitrary one, hut in the absence of any positive disqualification of the father for the proper discharge of his parental duties, he has, as it seems to us, a paramount right to the custody of his infant child, which .no court is at liberty to disregard.
 
 * * * ’ Heitkamp v. Ragan, 142 La. 81, 76 So. 247.
 

 In the early decision of Ozanne v. Delile, 5 Mart., N.S., 21, 22, the court said: “* * * law values in a high degree, and presumes much on the strength of natural affection; and knows that in general it cannot trust to any surer pledge, than that which is furnished by parental attachment.
 
 The evidence therefore should he strong and conclusive that would destroy that presumption;
 
 that would fix a stigma for life on the parent; which would deprive him, if he has the common feelings of our nature, of one of the greatest delights human existence affords, and at the same time cut off his children from enjoying parental affection, and learning how to repay it.” See, also, In re Alexander, 127 La. 853, 54 So. 125; Ex parte Lincoln, 128 La. 278, 54 So. 818.
 

 It is my opinion that the holding in the majority opinion is contrary to and in effect overrules the above enunciated principle, which has been zealously guarded and has never heretofore been deviated from by this court.
 

 In the instant ’case the majority opinion fails to point out any evidence in the record that would tend to show that relator is disqualified to have the custody of his infant daughter. It therefore follows that th e respondent, relator’s father-in-law,' who is resisting the rights of the father of the child in this case, has completely failed in carrying the burden, which is his, to show the disqualification of the relator to have the care and custody of his daughter. Heitkamp v. Ragan, supra. On the contrary, the evidence conclusively shows that the relator, like a, large per cent of the people in his immediate and adjoining vicinity, earns his livelihood as a tenant farmer, at which occupation he is successful. He comes from good people and is an up-right and hard-working young man, well able to care for his infant daughter.The evidence further reveals that his father-in-law, respondent here, was without employment at the time this suit was filed and, when employed, earns his living as a waiter in a restaurant in the small town of Arnaudville, which, according to the latest census, has a population of 483.
 

 For the foregoing reasons, and those assigned when this case was-originally before us, I respectfully dissent ■