HAWTHORNE, Justice.
 

 The appellant, Mrs. Bonnie O’Bryant Cannon, mother of two minor sons aged four and six, has appealed from a judgment denying her their custody and awarding it to the father, Earl Keith Cannon-The mother of these children in a pxdor suit had obtained a divorce from their father on the ground of adultery. In her petition for an absolute divorce she had alleged that it was agreeable to her for the father to have the custody of these-children for the time being, and accordingly in the divorce proceeding their father, the appellee here, was awarded theix' custody. A few months after the judgment of divorce he contracted a marriage with his accomplice in adultery, and it was then that the mother instituted this proceeding.
 

 At the time of the trial the children were staying in the home of their father’s sister, where he had taken them when the mother’s petition for custody was filed. At this time the mother of the children was living in the home of her mother and was employed as a waitress in a cafe. In denying to her custody the trial judge based his decision on the fact that the home where she resided was small and inadequate as compared with that of the paternal aunt with whom the children were staying at the time. There was some effort made on the part of the appellee to prove that the mother was morally unfit, but the trial judge did not find her morally unfit, and we cannot conclude that the appellee proved or established her moral unfitness.
 

 It is well settled in the jurisprudence of this state that in cases involving
 
 *877
 
 -the custody of children the primary con■cern of the court is the welfare and best interest of the children (Kieffer v. Heriard, 221 La. 151, 58 So.2d 836; Sampognaro v. Sampognaro, 222 La. 597, 63 So. 2d 11; Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321) and that it is to the welfare and best interest of young children that the mother be awarded their custody unless she is shown to be morally unfit or otherwise unsuitable (Kieffer v. Heriard, supra; Pepiton v. Pepiton, supra).
 

 Applying this well established principle of law to the instant case, we conclude that the trial judge erred in denying the mother custody. The reasons given by him for his decision are not sufficient to deny this mother the custody of her children. Accordingly the judgment awarding the custody to the father will have to be reversed.
 

 ' In her petition the mother seeks to he awarded alimony of $150 a month for the card and support of these children. According to the testimony of the father, who is engaged in the operation of a dairy farm, he has a gross monthly income of from $1100 to $1500 and monthly expenses that amount to from $810.00 to $835.00. Thus his monthly net income ranges from $290 to $665, and accordingly we think an award of $100 a month for the care and support of these children would be proper.
 

 For the reasons assigned the judgment appealed from is reversed, and it is now ordered that the appellant Mrs. Bonnie O’Bryant Cannon be awarded the care and custody of the two minor children, Larry Earl Cannon and Jimmie Ford Cannon, and that the appellee Earl Keith Cannon pay to her for' the care and support of these two children the sum of $100 a month, the first payment to be made on the first day of the month following the date on which this judgment becomes final. Appellee Earl Keith Cannon is to pay all costs.
 

 PONDER, J., recused.
 

 LE BLANC, J., absent.