FOURNET, Chief Justice.
The defendant, Billie Marie Barbo Hathorn, is appealing from that portion of the District Court’s judgment of June 27, 1957, which decreed that the care, custody and control of the minor child Billie Jean Hathorn (issue of the marriage between her and the plaintiff, Lonzo L. Hathorn), “be and remain with and be awarded to” the plaintiff, reserving to the defendant the right to visit and see the child at reasonable intervals.[1] Appellant contends that under our well settled jurisprudence, the paramount right to custody is in the mother in the absence of a showing of moral unfitness; that this is particularly true in the case of a little girl; and that the conditions under which the child has been living are not conducive to her welfare.
While it is true that where the mother of a minor child is not shown to be unfit, she is generally the preferred parent in a matter of custody, and the pronouncements of this Court to that effect are numerous, nevertheless we think, as did the trial judge, that although the circumstances under which the child was being reared were unquestionably not perfect, it was apparently for the best interests of the child that she remain with her father, to whom the custody had been granted more than a year before.[2]
*771 We are not impressed with the sincerity of the' mother’s interest -in seeking the custody of her daughter in these proceedings, having shown no concern as to her custody when the husband secured a judgment of separation. Moreover, the record strongly indicates, as the trial judge found, that her efforts in this proceeding to obtain custody were largely for the benefit of the child’s maternal grandmother. It is therefore our considered opinion that the trial judge was correct in his disposition of the issue, especially since these matters of child custody are always open to reconsideration.
For the reasons assigned, the judgment appealed from is affirmed.

. The said judgment also awarded to plaintiff a divorce — more than a year having elapsed without reconcilation since he had obtained a decree of separation from bed and board from the defendant. In the separation judgment, rendered on April 19, 1956, the plaintiff was likewise awarded the custody of the minor child of the marriage. To plaintiff’s petition for final divorce the defendant, by reconventional demand, sought custody of the child. No contest is here involved concerning the divorce, which was decreed by separate judgment of an earlier date but signed on the same date as the custody judgment.

. It appears, according to counsel’s brief, that the father has now remarried and the child is being brought up in the home along with other children of the present wife by a former marriage; that the home is a happy one and the child is settled in secure and loving surroundings. That second marriage was contemplated by the trial judge with the observation that it might make things bettor for the *771 child — or worse, in which event a second try might be made by those who love her, since custody of a child is never permanent.