119 So.2d 843

Orrin DUNGAN

v.

Lonora DUNGAN.

No. 43458.

April 25, 1960.

Julian E. Bailes, Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellant.

Gahagan & Gahagan, Natchitoches, for defendant-appellee.

HAWTHORNE, Justice.

This is an appeal from a judgment dismissing Orrin Dungan's habeas corpus suit for custody of his two minor daughters, who are presently in the custody of his divorced wife, Mrs. Lonora Dungan. These children, Netta Yvonne and Ettie Sue, were about ten and nine years old at the time the judgment was rendered in January, 1957.

Orrin and Lonora Dungan were married in 1943 in Bossier City, Louisiana, while Dungan was in the Air Corps stationed at Barksdale Field. Of this marriage were born the two children whose custody the father seeks. Mr. and Mrs. Dungan moved to Missouri, and separated there in January of 1949. In that year Mrs. Dungan instituted a suit in Missouri for a divorce and custody of the children, then aged three and two years respectively. She obtained a judgment of divorce and custody of the children, and was awarded $50 a month for the maintenance and support of the children and $42 a month alimony for herself.

For several years after the divorce Mrs. Dungan stayed in Missouri, where she had obtained work. During part of this time she and a man named Don Everson lived together as husband and wife although they were not married. During this time the two children were in the care of Mrs. LeFevers, a neighbor of the mother's. Netta, the older child, was with Mrs. LeFevers for about eight years, and the younger girl, Ettie Sue, for about six years. For keeping these children Mrs. LeFevers received $50 a month paid to the mother for the children's support by government allotment out of the earnings of the father, who was in the Armed Forces.

In 1955 Mrs. Dungan became pregnant, and during her pregnancy she and her two children went to live with her parents in Natchitoches Parish, Louisiana. She bore an illegitimate child there in March, 1956, about eight months before institution of the present suit.

In September, 1956, Orrin Dungan petitioned the Missouri court for a modification of the custody and alimony awards made in the divorce judgment. In November of that year there was a judgment of the Missouri court giving the father custody of the children and terminating the judgment insofar as it ordered him to pay his former wife alimony. It should be noted that although the $50 a month awarded for support of the children was paid, Dungan, insofar as this record discloses, never paid the alimony of $42 a month to his former wife.

The instant suit was filed in Natchitoches Parish, Louisiana, in December, 1956, and went to trial on its merits on December 19. The district court rendered judgment dismissing the father's suit in January, 1957. At the time of the trial the father, who had remarried, was stationed at Hunter Air Force Base in Savannah, Georgia.

The trial judge did not give full faith and credit to the Missouri judgment awarding to the father custody of the children. As authority for his position the judge cited State ex rel. Girtman v. Ricketson, 221 La. 691, 60 So.2d 88. In this court the father, appellant, does not contend that the trial judge was incorrect in this respect, and hence this matter is not an issue on this appeal. Appellant is contending here only that his former wife is not morally fit to rear and have custody of the children and is not devoting the proper care and attention to them.

The district judge found that the mother had been proven morally unfit and guilty of moral misconduct, although no immoral acts were shown to have occurred in the few months during which she had lived in her parents' home. On the other hand, the judge found that the father of the children lacked all love and affection for them and had never shown even the slightest interest in their welfare. The record completely supports the trial judge's findings. We have previously mentioned instances of the mother's immoral conduct, and the record also reveals that during the seven years which intervened between the divorce and the present custody suit the father showed an almost complete disregard for his children and lack of interest in their welfare. He is hardly acquainted with them and seems to lack the natural affection that a father should have. In fact, there is serious doubt in our minds that he is the real party at interest in these proceedings.

A case such as this involving the custody of children gives this court serious concern. Often it is difficult to determine what is to the best interest of the children in such cases, and the responsibility of coming to a correct conclusion as to the custody award rests heavily upon this court's shoulders. We recognize the law that the paramount consideration in determining to

whom the custody of a child should be given after a divorce is the welfare and best interest of the child. Under this rule this court has consistently given the custody of the child to the mother unless she has been found to be morally or otherwise unfit. See Salley v. Salley, 238 La. 691, 116 So. 2d 296, and cases there cited. We further recognize the law to be that parents have a natural and legal right to the care and custody of their minor children. Such right, however, is not an absolute one; it must yield to the superior right of the State whenever the children's moral, mental, and physical welfare requires it. State ex rel. Munson v. Jackson, 210 La. 1, 26 So.2d 152.

Disputing custody in the instant case are a mother who is morally unfit and a father who has no love for his children. Under these circumstances it is difficult for us to determine what is to the best interest of the children. Unfortunately, this case was tried in the lower court more than three years ago, and the children involved are approximately 14 and 13 years of age at this time. In view of the circumstances here found to exist, we believe that the best solution is to remand the case to the lower court for the taking of additional evidence to determine what is to the welfare and best interest of these children. In this connection the district court, if it sees fit, may avail itself of the services of the Department of Public Welfare. After hearing any legal evidence that may be adduced at a subsequent hearing, the court will render a judgment which may be warranted by such evidence and take any other steps in the matter which the judge may deem advisable and necessary under the facts found to exist at the subsequent hearing.

Under the facts disclosed in the instant case we are convinced that the father was not entitled to the custody of these children. The facts ascertained at a subsequent hearing may make it necessary for the court to take appropriate action to deprive both of these parents of the children or provide for their custody in the mother under orders of the court that they be kept in the home of their maternal grandparents under observation of the court through the Department of Public Welfare. See Thompson v. Thompson, 207 La. 992, 22 So.2d 405.

For the reasons assigned the judgment appealed from is annulled, reversed, and set aside, and the case is remanded to the district court for further proceedings consistent with the views here expressed. Appellant is to pay all costs of this appeal; assessment of all other costs shall await final determination of the cause.