141 So.2d 84 (1962)
Billy Joe SMITH, Plaintiff-Appellee,
v.
Minnie Mae SMITH, Defendant-Appellant.
No. 5392.
Court of Appeal of Louisiana, First Circuit.
April 23, 1962.
J. Peyton Parker, Jr., Baton Rouge, for appellant.
Kantrow, Spaht & Kleinpeter, by Robert L. Kleinpeter, Baton Rouge, for appellee.
Before ELLIS, HERGET, and MILLER, JJ.
MILLER, Judge pro tem.
Appellant, Mrs. Minnie Mae Smith Gunter, seeks the reversal of the May 4, 1960 judgment of the Family Court dismissing the rule nisi obtained by her counsel from the Family Court on February 9, 1960. The rule nisi ordered appellant's divorced husband, Billy Joe Smith, to show cause why the permanent care, custody and control of their five year old minor child, Joyce Ann Smith, should not be transferred from Mr. Smith to Mrs. Gunter.
On June 14, 1957, Mr. Smith was awarded the permanent care, custody and control of Joyce Ann Smith in an uncontested divorce action brought by Mr. Smith. In that proceeding Mr. Smith proved that his wife had committed adultery and it was on that ground that he was awarded the divorce. Although appellant was a resident of another State at the time the action was brought and tried, she was duly represented by a curator-ad-hoc who notified her by registered mail on two occasions prior to the trial. The first notice was received by her five months before the trial, and the second was received by her approximately three weeks before the trial.
There was no evidence presented by either party on the trial of the rule nisi on March 7, 1960, but instead both counsel entered into the following stipulation:
"It is stipulated by and between counsel that the rule be submitted on a social study to be made by the Probation Staff of the Family Court and the Court render such judgment as may be appropriate based on said social study, reserving the right of counsel to present argument to the Court upon the filing of said social study prior to the Court's ruling."
*85 The "social study" which was made a part of the record for this appeal shows that both parties have now remarried and have suitable homes. The report concluded with the statement that "A change in custody does not seem indicated."
Appellant cites the cases of Willis v. Willis, 209 La. 205, 24 So.2d 378, White v. Broussard, 206 La. 25, 18 So.2d 641, and Cannon v. Cannon, 225 La. 874, 74 So.2d 147, as authority for his contention that a wife and mother has the paramount right to the custody of the minor child born of the marriage and this right can only be overcome by showing that the mother is unfit to care for the children. However these cases are inapposite for the reason that the father in the instant case has a judicial decree granting him the custody of their minor child, whereas in the cited cases the matter was before the court for the first time.
The issue in this case is similar to that presented in the case of Gentry v. Gentry, La.App., 136 So.2d 418, wherein we held at page 421:
"* * * that a party seeking modification of a previous custody decree bears the burden of proving a material change in conditions and also proving that present conditions and circumstances are detrimental and inimical to the child's welfare."
See also the cases of Decker v. Landry, 227 La. 603, 80 So.2d 91; Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3, and Matheny v. Matheny, 205 La. 869, 18 So.2d 324. Appellant has failed to carry this burden.
Appellant further contends that the trial court erred in basing its judgment wholly upon a report of the members of the staff of the Family Court and argues that a custody decree should be based upon competent witnesses who can testify under oath as to the fitness of the respective parties with the opportunity of cross-examination given both counsel for the defendant and for the plaintiff. We must direct appellant's attention to the fact that the record is in its present state due to a stipulation entered into by counsel. Except for the "social study" which is in the record, there is no evidence. Appellant has failed to carry the burden of proving that there has been a material change in conditions since the prior custody decree was rendered and that present conditions and circumstances are detrimental and inimical to the child's welfare.
For these reasons, the judgment of the trial court is eminently correct and is hereby affirmed at appellant's costs.
Affirmed.