CULPEPPER, Judge.
This case arises out of a petition by Mrs. Dorothy Hart, born Guidry, divorced wife of Velton Gaspard, now married to John Allen Hart, III, to obtain custody of two minor children of her marriage with Gaspard. The children, Linda Lou Gas-pard, age 11 years, and Dianne Lynn Gas-pard, age 9 years, were found by the Juvenile Court to be in a state of neglect in 1959, at which time the children were taken from their parents and placed in the custody of Mr. and Mrs. Roy Keene, with whom the children still remain. After a hearing on the merits, the Juvenile Judge denied Mrs. Hart’s 1965 petition to change the prior custody order. She now appeals.
We see no need to discuss the evidence in detail. The trial judge has done this in a well-considered written opinion. It is sufficient to state that the following facts are proved. Mrs. Hart married Gaspard at the early age of 15 or 16 years. By 1958 they had 4 children. Two were surrendered by the parents for adoption, and the other two are the ones at issue in this proceeding.
*92 The Gaspards lived a very unstable and turbulent life and finally separated in about 1959. She moved to Lake Charles to work as a barmaid and left the children in Crowley with their grandmother, Mrs. Gas-pard’s mother. The condition of the children came to the attention of the Department of Public Welfare and the Juvenile Court of the city of Crowley. At a hearing held in these proceedings in 1959, the children were found to be “grossly neglected to a point where their physical well being was in danger, even though they were then only 4 and 2 years of age, respectively.” Custody was given to Mr. and Mrs. Roy Keene, who were at the time seeking children to adopt.
In 1959 and 1960 the mother of these children made 2 or 3 applications to the Juvenile Court to return the children to her, but each time it was found that she was still living a very unstable, insecure life. She was working as a barmaid and “B” drinker. She had a criminal record showing a conviction for shoplifting and arrests for disturbing the peace and for “B-Girl”. Under this evidence the Juvenile Court refused these 1959 and 1960 requests to change its prior custody order.
The instant petition for change of custody was filed on March 29, 1965, soon after petitioner married John Allen Hart, III on April 26, 1964. He is a chemical engineer, employed at Pittsburgh Plate Glass Company, earning about $650 a month. Mrs. Hart contends she is now fit and able to care for the children and desires their custody.
Evidence adduced at the hearing in 1965 showed that up to the time of her marriage to Hart in 1964 she worked as a barmaid and “B-girl” at various bars. Even after her marriage to Hart, the mother of these children continued to frequent establishments selling alcoholic beverages, often without her husband on the excuse that she was “nervous” and needed “one or two beers”. Another fact which came out at the hearing was that she suffered a miscarriage after a 2-month pregnancy in the-period while she was .unmarried, before' marrying Hart. Furthermore 2 expert psychologists testified that the children were happy and well adjusted with the Keenes; had learned to think of the Keenes as their parents; and that it would be most disturbing to the children to change their custody at this time after a period of almost 7 years.
In discussing the applicable law,, we note at the outset that this case originated in a juvenile court, which found that the children were in a state of neglect and removed them to a suitable home. The-custody order here sought to be changed was not incident to a civil suit for divorce or separation, where the court decided which party could provide a better environment for the children. Hence, the so-called “double burden of proof” on one-seeking to change a prior custody order in-a civil suit. (See State ex rel. Lott v. Courtney, 178 So.2d 489, La.App. 1st Cir. 1965 and cases cited therein) has no application here. Nevertheless, it is our conclusion that Mrs. Hart has failed in her burden of proof. She has failed to prove that she is now fit and able to provide a. good home for the children.
The trial judge has eloquently summarized this case in the following language-which we adopt as our own:
“In view of the facts surrounding this case the Court is of the unqualified opinion that the best interest and welfare of the children are served by permitting them to remain in the custody and control of the Keenes. To change the custody in favor of applicant would result in a tremendous loss and disadvantage to the children, so great that we feel it will be insurmountable in the future years. * * * To have these children removed from their present home, where they receive the love and affection and tender care that has been given them by the Keenes, *93 and to place them with their mother who has not exhibited one iota of love, concern or regard for them would be an unpardonable act of the Court and an inhuman and senseless hardship would befall these children. * * * ”
Our decision is fortified by the well established jurisprudence that in cases of this type the appellate courts are most reluctant to upset a decision of the trial judge. Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the appellant.
Affirmed.