PRICE, Judge.
This is an appeal from a judgment confirming the appointment of a collateral relative as tutrix of four minor children over the opposition of collateral relatives of the same degree.
The children which are the subject of this litigation were born of the marriage of Maple Lee Masters Taylor to Jim Taylor on the following dates: Angela, May 25, 1960; Jerry Lewis, January 1, 1963; Martin Wayne, April 22, 1966; and Frederick Lavell, October 4, 1971. The mother of the children, Maple Lee Masters Taylor, was killed in an automobile accident on August 12, 1972, and at all times since that date the father has been a fugitive from justice whose whereabouts are unknown. The maternal grandmother, Elnora Strange Masters, was appointed tutrix of the children on October 4, 1972, and a maternal aunt, Florida Schufford, was appointed under-tutrix.
Upon the death of the grandmother in March, 1975, Florida Schufford applied for appointment as tutrix of the children as one of the nearest of kin in the collateral line. By order signed April 9, 1975, she was appointed provisional tutrix. The appellants herein, John Masters and Claudia B. Johnson, who are brother and sister of Florida Schufford, filed a petition opposing her appointment as tutrix and requesting that they be appointed co-tutor and tutrix of the children. After trial of the opposition, the district court confirmed the appointment of Florida Schufford as tutrix and appointed John Masters as under-tutor.
Masters and Claudia B. Johnson appealed from the judgment requesting this court to vacate the confirmation of Florida Schuf-ford as tutrix because of the following errors on the part of the trial court:
1. A Louisiana Department of Public Welfare report was admitted into evidence without appellants having the opportunity to review the report and to cross-examine the person who prepared it.
2. That the weight of the evidence showed the best interest of the minors would be served by the appointment of appellants as co-tutor and tutrix.
ASSIGNMENT OF ERROR ONE
We find no merit in the contention the Department of Welfare report was erroneously admitted into evidence and considered by the court without appellants having knowledge of its content or the opportunity to examine the caseworker who prepared the report.
The record before us shows that when the caseworker was called on behalf of Florida Schufford, she claimed the privilege afforded her under L.S.A.-R.S. 46:65 and the court refused to order her to testify. However at the conclusion of the trial, the attorneys for the respective parties introduced the written report of the Department by stipulation and agreed it could be obtained from the Juvenile Court records. Although the report is not a part of the record before us, we presume the trial judge may have read the report on file with the Juvenile Court.
*912 We construe the stipulation oí counsel as a withdrawal of any prior objections to the consideration of the report by the trial judge.
In the recent case of Meyers v. Meyers, 324 So.2d 562 (La.App. 1st Cir. 1975), the First Circuit Court of Appeal in resolving an almost identical question upheld the admissibility of a similar report for failure of the adverse party to timely object. We quote the discussion of the court pertinent to this issue as follows:
Appellant complains of the trial court’s considering a report of the State Department of Welfare in determining the custody issue herein presented, which report was not made available to Appellant and which does not constitute part of the record herein.
Our courts have, on prior occasions, held such reports inadmissible as hearsay in custody proceedings when proper and timely objection is made thereto. See Murray v. Murray, La.App., 220 So.2d 790; LeBlanc v. LeBlanc, La.App., 194 So.2d 122; Lyckburg v. Lyckburg, La. App., 140 So.2d 487.
However, in this instance, the trial court made it clear that it would request and consider such a report prior to making its decision in this instance, and Appellant made no objection thereto. A litigant may not initially complain on appeal of an alleged trial court error in the absence of an objection thereto at trial level.
Also see Smith v. Smith, 141 So.2d 84 (La. App. 1st Cir. 1962).
There is no error shown in regard to the trial court’s referring to the confidential report of the Welfare Department under the circumstances presented in this case.
ASSIGNMENT OF ERROR TWO
Appellants contend the preponderance of the evidence reflects they have shown more interest in the care and welfare of the minor children since the natural mother’s death than any of the other collateral relations in the same degree and therefore, it would be in the best interest of the children to be placed in their custody and control.
It is elementary that there is a wide discretion accorded the trial judge in selecting the proper person to have the custody and tutorship of minor children and the court’s determination based on its evaluation of the credibility of the testimony of witnesses should not be disturbed unless there is an obvious abuse of this discretion.
We do not find appellants have shown any abuse of this discretion in the record before us.
The thrust of appellants’ argument rests on the premise the tutorship of the children should necessarily be awarded to them because they have a closer personal relationship with the children resulting from their having assisted their mother, Elnora Masters, in caring for the children while in her custody.
Conceding that the evidence does show they were somewhat closer to the children during this period of time than Florida Schufford, there are other factors to be considered in determining what is in the best interest of the children which are sufficient to support the trial judge’s finding.
The home of Florida Schufford is located in Shreveport and is properly equipped with plumbing and other conveniences to afford the children a sanitary and comfortable standard of living.
Masters’s home is located within a few hundred yards of the trailer in which the grandmother maintained the children in a rural area between Mooringsport and Waskom. Neither the trailer nor Masters’s home has indoor running water or toilet facilities. Access to the home is difficult and inconvenient.
We also find the evidence to show Florida Schufford to have a suitable moral char *913 acter and that she. has made arrangements for proper care of the children while she is engaged in her employment.
The totality of the evidence would appear to show that it would be to the best interest of the children to remain under the tutorship of Florida Schufford.
In accord with the foregoing reasons, the judgment appealed from is affirmed at appellants’ costs.