ROGERS, J.
 

 Relator seeks by habeas corpus to obtain possession of his daughter, Lillian Mary Peter, aged seven years. Respondents are the maternal grandparents of the child. The court below awarded them the custody of the child, with the reservation of the right of the relator to visit her and have her visit him at any time he so desires. Relator has appealed from the judgment.
 

 Lillian Mary Peter is the sole issue of the marriage of the relator with Lillian Stanga, respondents’ daughter. The mother of the child died in giving her birth. Mrs. A. B. Stanga, the grandmother, took charge of the infant at the home of the relator, and, when she became six days old, no one claiming her, and the relator assenting thereto, she carried the child to her home, about two miles distant, and has possessed and cared for her since that time. i
 

 The evidence shows that relator has, from time to time, contributed to the support of his child. He is a hard-working, honest farmer, and is able to maintain her in accordance with his condition in life. He visited his child, while at the home of her grandparents, more or less frequently, and she visited him at his home from time to time. About three years ago relator married a second time. His presept wife is a first cousin of his first wife. By his second wife he has one child, who is about a year old. Relator’s wife, in addition to caring for her child, does all the laborious work required of a farmer’s wife, without the assistance of a servant or other help.
 

 • The grandparents are amply able to support the child, and are more than willing to do so. ...
 

 We think the exceptional features of this case remove it from the grasp of the codal articles and decisions relied upon by relator. The real issue involved, as we view it, is not so much whether the cold technical right of the father to the possession of his child should be maintained, as it is whether, from the standpoint of the welfare of the child, she should be permitted to remain in the care of her grandmother or be committed to the care of her stepmother. This issue must be resolved in favor of the grandmother. She is experienced in raising children; having had nine children of her own. She has taken the place of the child’s mother since her birth, has nursed her in sickness and eared for her in health, and is the only mother the little girl has ever known. On the other 'hand, while there is nothing to show the child would not be kindly treated in her father’s home, in the very nature of things she cannot receive the same care and attention there. Relator, in the pursuit of his business affairs, is frequently absent from his family at night as well as in the day. During these absences, his wife and child are alone. The present Mrs. Peter admits she has had no experience in raising children, and, being engrossed with her household duties and the care of her own small child, no matter how well-intentioned she may be, it is manifest she is not in position to properly look after her stepdaughter. Every humane consideration suggests that the child should not, at this time, be separated from her devoted grandmother.
 

 The fact that relator has been confirmed as natural tutor of his daughter has not added any strength to his case. No property rights are involved, and, so far as the control of the person of the child is concerned, relator’s right as natural tutor is no greater than his parental right.
 

 For the reasons assigned, the judgment appealed from is affirmed at the cost of the relator.
 

 ST. PAUL, J., dissents.