FOURNET, Chief Justice.
Percival Betz Kelly, having secured in California on December 15, 1954, an interlocutory order authorizing a decree of divorce at the expiration of one year and awarding her custody of her minor child, Bruce Thaddeus Kelly, instituted suit against her husband, Nehemiah Kelly, Jr.,[1] on December 23, 1954, in the Family Court for the Parish of East Baton Rouge by way of a petition for a writ of habeas corpus, seeking recognition of the California judgment and praying that Kelly be ordered to produce in court and show cause why he had kept confined and deprived o,f his liberty this minor child of the union, taken from California by Kelly after he was served in the divorce proceeding in that state, but prior to rendition of judgment.
As provided by law, Kelly appeared in court the next morning at 10:00, the time fixed by the court for the return of the writ, filing exceptions to the jurisdiction of the court rationae materiae and personae, of no cause and no right of action,[2] and, with reservation of his rights thereunder, an answer wherein he admitted taking the child from California, but denied he did so illegally or surreptitiously.[3] He also admitted the child was then living with him in the Parish of East Baton Rouge in the home of his (defendant’s) parents. In fact, the child was produced in court on December 23, 1954. On further answer he averred the petitioner had never taken care of the child who had actually been in the care and keeping of her sister in California, for which keep he had paid, and, also, that the petitioner was an unfit person to be awarded the custody. He asked that the writs be recalled and the child’s custody awarded him.
*280 The trial-judge overruled the exceptions and after trial on the merits rendered judgment the same day in favor of the petitioner recognizing and giving full faith and credit to the California judgment and granting to the petitioner the custody, control, and care of the minor child, Bruce Thaddeus Kelly. He also maintained the writ of habeas corpus and ordered Nehemiah Kelly, Jr., to turn the child over to the petitioner.
On the application of Kelly we issued a writ of certiorari with a stay order, to the end that the validity of these proceedings might be reviewed, as well as alternative writs of mandamus and prohibition to prevent the execution of the judgment pending the further orders of this court.
■.The exceptions to the jurisdiction of the court are predicated, primarily, upon the assertion that inasmuch as Section 2 of Article VII of the LSA-Constitution of 1921 provides that only the judges of the Supreme Court, of the Courts of Appeal, and of the district courts throughout the state can issue the highly summary and extraordinary writs of habeas corpus, the judge of the Family Court for the Parish of East Baton Rouge was without power or authority to issue the writ of habeas corpus on which the instant case was tried.
The learned trial judge recognizes in his return here the limitation on the right of any and all judges to issue writs of habeas corpus, as provided in Section 2 of Article VII of the constitution, but he rationalizes that the people of the state, by their adoption of the constitutional amendment proposed by the 1954 legislative session creating the Family Court for the Parish of East Baton Rouge — which, as adopted subsequently, appears in the constitution as Section 53 of Article VII — had, in effect, amended Section 2 of Article VII by implication to include as one of those authorized to issue this writ the judge of such Family Court.
The pertinent part of this amendment reads:
“There is hereby established the Family Court for the Parish of East Baton Rouge, which shall be a court of record with exclusive original jurisdiction in the following cases:
******
“(5) All actions for divorce, separation from bed and board, annulment of marriages, and disavowal of paternity as well as of all incidental matters connected therewith including, but not restricted to, matters relative to alimony pendente lite and permanent alimony, custody of children, and injunctive relief or proceedings for the preservation of the community, jurisdiction of which was heretofore vested in the Civil District Court for the Parish of East Baton Rouge. The Civil District Court for the Parish of East Baton Rouge, shall, however, retain jurisdiction of all proceedings involving the liquidation and partition of the community after a judgment of divorce *282 or separation has been rendered by the Family Court herein established.”
It is obvious that this proposed constitutional amendment creating the Family Court for the Parish of East Baton Rouge was not intended to, nor did it in fact, amend or in any way affect Section 2 of Article VII of the Constitution of 1921. Further, there is no provision in Section 53 that specifically confers on this Family Court the power and authorization to issue writs of habeas corpus, although it is significant that this court is specifically authorized to grant the extraordinary relief of injunction in the preservation of the community. A further analysis of the above-quoted section, in our opinion, fails to show also that such power was intended to be given by implication, if that were possible. Indeed, it is obvious from the clear language of the provision that the Family Court of East Baton Rouge Parish can entertain matters relative to the custody of a child only when that matter is an incident to or ancillary of an action filed in that same court for divorce, separation, disavowal of paternity, or annulment of marriage.
Having reached this conclusion, it is unnecessary for us to consider the other matters raised.
For the reasons assigned, the writs issued in this case with stay order are made absolute, the judgment of the Family Court for the Parish of East Baton Rouge recognizing the judgment, of the State of California, awarding the custody of the minor Bruce Thaddeus Kelly to Percival Betz Kelly, maintaining the writ of habeas corpus issued, and ordering Nehemiah Kelly, Jr., to turn over to Percival Betz Kelly the custody, care, and control of the minor Bruce Thaddeus Kelly, is reversed: the exceptions to the jurisdiction of the Family Court for the Parish of East Baton Rouge rationae materiae are maintained, and the proceedings in habeas corpus are ordered dismissed, all at the cost of the respondent in this court, Percival Betz Kelly, who is the petitioner in the Family Court.

. Throughout the record the first name of the defendant is incorrectly spelled Nehemiah.

. The respondent also sought a continuance, on the ground he had not been served until 9:00 the previous night and his attorney, having no knowledge of such service until just prior to 10:00 on December 24, had not had time to prepare pleadings or for the trial of the case. This was denied by the judge on the ground that the same subject matter had been the object of a habeas corpus proceeding filed in his court on December 20, 1954, wherein the production of the child was alone sought, and after trial of that case on December 23, 1954, had been dismissed by him on exceptions of no right and no cause of action because of petitioner’s failure to allege or pray for recognition of the California judgment, an essential element of the suit since the court had no jurisdiction to entertain child custody controversies during the existence of the marriage. The petition filed later on that same day, December 23, was merely to conform to this ruling of the judge in the previous proceeding.

.In the petition it is alleged the child was turned over to the defendant in California with plaintiff’s permission, and in defendant’s answer he avers he took the child from California only after having been assured by competent legal authority that such action was not illegal since his wife had not obtained, in connection with her divorce and custody suit, a restraining order preventing him to do so.