HAMITER, Justice.
In contest here is the custody of the two minor children born of the union of Alfred T. Thornton and Connie Thornton who married on September 3, 1943, in Franklin Parish and there established the matrimonial domicile.
In 1953 the husband and wife separated and the former moved to Madison Parish where (in January, 1956) he instituted a divorce action. Service of citation was made on the wife at Shreveport in which city she and the children then resided. The action was grounded on the allegation that the litigants had lived separate and apart for more than two years. In an answer to the petition the defendant admitted the charge.
On February 23, 1956, a judgment of divorce was granted. No mention was therein made of the custody of the children, neither party having prayed to be awardl ed it.
*111 Some eighteen months later the plaintiff, by means of a rule to show cause filed in the original proceeding in Madison Parish, sought to have the divorce judgment modified so as to award him the custody of the children. The defendant did not (4 appear in answer to the rule, and on September 16,1957 the court decreed “* * * that the said rule be made absolute, ordering that custody of the minor children, Connie Susan Thornton and Maycele Thornton, should be granted to Alfred T. Thornton, and the judgment of February 23, 1956, in these proceedings modified to that extent.”
On October 11, 1957, pursuant to a written motion of plaintiff in which he showed that defendant had failed to comply with the modified judgment, the court ordered the latter to show cause on a designated date “why she should not be adjudged guilty of contempt of the authority of this Honorable Court and be punished by fine and/or imprisonment according to law.”
On defendant’s application we granted writs of certiorari, prohibition and mandamus for the purpose of reviewing, under our supervisory powers, the proceedings of the district court.
In her application the defendant prayed that the judgment of September 16, 1957, which awarded custody to plaintiff, be decreed null and void, and further that the rule for contempt be recalled. In this connection, and in support of the prayer, she pointed out that no issue of custody of the children was before the court in the divorce proceedings and that the judgment rendered therein did not award such custody. Then she contended that the matter of custody was not properly and legally determinable by means of a rule in the original proceedings, the final judgment of divorce having completely ended that action in which there was no incidental issue of custody; and that after such judgment the question of custody could be raised only by petition and citation in a separate action.
We agree that plaintiff proceeded improperly in seeking custody of the children and that the district court, on a rule to show cause, was without authority to modify its final judgment of divorce. Of course, when a divorce action is cognizable by a particular court the issue of custody of the children of the marriage may be determined therein. Also, the court may change a custody award therein made, on a rule to show cause, even after the divorce becomes final. But that is true only when the matter of custody is placed at issue in the original divorce proceedings and the court at that time takes jurisdiction of the res (the children) as an incident to the divorce action. If otherwise, on the finality of 'the divorce judgment there is nothing to which the matter of cus *113 tody is or can be incidental. And it follows that a demand for custody must then be asserted in an independent action by petition and citation.
This conclusion is fortified by analogizing the demand for custody to that for alimony, and by a consideration of the cases dealing with the latter demand. A claim for alimony (by the wife against the husband for her support) is incidental to a divorce action and may be urged therein. When the demand is so made, and alimony is awarded, the judgment (like a custody decree) may from time to time be modified on a rule to show cause by the court which rendered it. However, the procedure is different when the alimony claim is not thus asserted and recognized.
In Player v. Player, 162 La. 229, 110 So. 332, a judgment of divorce had been rendered, but no issue of alimony had been presented in the original action or determined by the judgment. Subsequently, the divorced wife commenced an independent suit seeking alimony for her support. A defense thereto was that the wife could urge an alimony demand only in and as an incident to the divorce proceeding. The court rejected this contention and said that after the divorce became final “a separate suit ex rei necessitate is the only procedure by which the wife who has obtained the divorce can assert and enforce her right to the alimony * * And in Bienvenue v. Bienvenue, 186 La. 429, 172 So. 516, the court refused to permit the divorced wife, after the finality of the judgment (which did not award alimony), to urge an alimony demand by means of a rule in the original divorce proceedings.
Both of these cases were cited with approval in Thornton v. Floyd, 229 La. 237, 85 So.2d 499, 501, wherein the court pointed out that even though in a previous separation suit there had been awards, concerning the custody of and support for the children, the judgment of divorce, being silent as to such matters, abated them; and that such awards could not be altered or modified by subsequent summary proceedings. Thus, we observed: “ * * * where a definitive decree of divorce is silent as to the custody of children and of an award of alimony necessary for their maintenance and support, we are convinced that such a judgment, being final and conclusive, abates and renders ineffective a judgment of separation with all of its incidents and cannot be altered or modified by a summary proceeding seeking thereby to revive the incidents of the separation suit which have not been presented for adjudication in the divorce suit.”
Consequently, we must hold that this plaintiff, in seeking custody of the children, was without right to proceed in a summary manner in the original divorce ac *115 tion; and that the summary judgment awarding the custody to him was a nullity.
The custody cases cited by plaintiff do not militate against this holding. In all but one of them the issue of custody had been before the court as an incident to the original divorce action and it was determined in the same judgment which decreed the divorce. Only Wheeler v. Wheeler, 184 La. 689, 167 So. 191, did not present that situation. However, no objection was therein urged to the summary nature of the proceeding. Furthermore, no final judgment of divorce had been rendered between the parties, the rule for custody having been taken after the judgment of separation (not after a judgment of divorce).
While the prayer of defendant (in her application filed here for the writs) for the recall of the contempt may be premature, since on a hearing of the rule the district judge himself might have so ordered, in view of our above announced conclusion concerning the custody judgment it is evident that such rule for contempt (being based on the null judgment) must likewise fall.
For the reasons assigned the writs heretofore granted are made peremptory and it is now ordered, adjudged and decreed that the judgment awarding custody of the minor children Connie Susan Thornton and Maycele Thornton to plaintiff, Alfred T. Thornton, be annulled and set aside and that the rule for contempt directed to the defendant, Connie Thornton, be recalled and vacated. Plaintiff shall pay all costs of this proceeding.