LANDRY, Judge.
These two cases, countersuits for separation from bed and board and custody of minor children, issue of the marriage between the litigants at bar, were consolidated for trial.
The district court rendered judgment on October 18, 1957, in favor of the wife, Katie C. McLin, and against the husband, Joseph McLin, decreeing a separation from bed and board between them, granting custody of their two minor children to the mother subj ect to certain conditions, and awarding alimony for their support.
From this judgment the husband appealed to the Supreme Court, and the appeal has been transferred to this court pursuant to the provisions of Louisiana Constitution Article 7, Section 29, adopted November 4, 1958, L.S.A.
It has been brought to the attention of this court, and attorneys for both parties concede, that during the pendency of this appeal appellant Joseph McLin obtained judgment of absolute divorce from appel-lee Katie C. McLin on April 8, 1960, in the matter entitled “Joseph McLin v. Katie C. McLin” No. 22,771 on the Civil Docket of the Twenty-first Judicial District Court for the Parish of Tangipahoa.
It is suggested by counsel for appellant that, since the judgment of divorce was silent upon the question of the custody of the children, the only remaining question before this Court in these proceedings is the question of custody.
With this view we do not fully agree. A judgment of divorce being final, conclusive, and determinative of the rights of all parties, abates and renders ineffective a judgment of separation with all of its incidents. Thornton v. Floyd, 229 La. 237, 85 So.2d 499. Moreover, a judgment of divorce abates and renders moot a pending proceeding for separation and the same is true despite the pendency of an appeal suspending the judgment of separation. See D’Antoni v. Geraci, 224 La. 818, 70 So.2d 883.
Since the question of custody of the children was not placed at issue in the divorce proceedings, a demand for permanent custody must be asserted in another action by petition and citation. Thornton v. Thornton, 234 La. 108, 99 So.2d 43.
There being no issue before us for resolution, the appeal is accordingly dismissed.
Appeal dismissed.