HOOD, Judge.
Clarence Thibodeaux, who instituted this action originally against his former wife, Mrs. Shirley Moore Roscoe, has appealed suspensively from a judgment of the trial court decreeing that an earlier judgment of the same court, rendered in this suit on November 30, 1964, is null and void. The earlier decree purported to award the custody of a minor child of the parties to the plaintiff father. Mrs. Roscoe has filed in this court a motion to dismiss the appeal.
Although several suits have been instituted and numerous pleadings have been filed by these parties, the pertinent facts are that on November 30, 1961, judgment was rendered by the trial court decreeing a final divorce between Clarence Thibo-deaux and Shirley Moore Roscoe, and awarding the permanent custody of the child born of that union to the mother, Mrs. Roscoe. The action which culminated in that judgment bears No. 50,149 on the docket of the trial court.
About three years later, the father, Clarence Thibodeaux, instituted this action against Mrs. Roscoe, demanding that the custody of the child be removed from the mother and awarded to him. The action was summary in nature, and it was instituted as a separate suit, bearing No. 63,254 of the civil docket of the trial court. Pursuant to the prayer contained in Thibo-deaux’s petition, a rule nisi was issued directing Mrs. Roscoe to show cause why the custody should not be awarded to the father. After trial of that rule, judgment was rendered on November 30, 1964, formally awarding the custody of the child to the plaintiff Thibodeaux.
A few months after that judgment was rendered, Mrs. Roscoe filed a petition in the same suit, No. 63,254 of the docket of the trial court, demanding that the judgment of November 30, 1964 (awarding custody to Thibodeaux), be decreed to be null and void on two grounds: First, that under the circumstances presented here the court was without authority to change the custody of the child by summary judgment or pursuant to summary process; and, second, that Mrs. Roscoe was not properly cited and served with legal process.
The action of Mrs. Roscoe to annul the 1964 judgment was instituted by ordinary process. Thibodeaux was duly cited, and he filed an answer. After trial on the merits, judgment was rendered by the trial court decreeing the summary judgment rendered on November 30, 1964, to be null and void. As we have already stated, Thibodeaux moved for, and was granted, a suspensive appeal from his last judgment, and Mrs. Roscoe has filed a motion in this court demanding that that appeal be dismissed.

Motion to Dismiss Appeal

Mrs. Roscoe, the appellee, contends that the trial court erred in granting the plaintiff a suspensive appeal, because LSA-C.C.P. Article 3943 specifically provides that “an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.”
We agree that an appeal will not stay or suspend the execution of a judgment determining who shall have the care and custody of a child when the question of custody is an issue in the case. Cressione v. Millet, 212 La. 691, 33 So.2d 198, and Carlson v. Carlson, La.App. 4 Cir., 125 So.2d 639 (and cases cited therein). In the instant suit, however, the judgment appealed from does not decree who shall have the care and custody of a child. It merely decrees that the earlier judgment rendered on November 30, 1964, is null and void for jurisdictional or procedural reasons. It is true that the decree which was annulled did sward the custody of a child to one of the parties, and thus the November 30, 1964, judgment did relate to custody.- No appeal was -taken from that judgment, however, *80 and the delays set in LSA-C.C.P. Article 3942 have elapsed. If the 1964 judgment relating to custody is valid, therefore, it has become final.
We recognize that as a practical matter the judgment appealed from here will affect the custody of the child, because the annulling of the 1964 judgment, which awarded the custody to the father, leaves in effect the 1961 judgment, which granted custody to the mother. In Guidry v. Guidry, 206 La. 1049, 20 So.2d 309, however, our Supreme Court observed that:
“ * * * The reason why an appeal cannot stay execution of a judgment awarding to someone the care and custody of a child whose care or custody is in contest as a proper subject of litigation is that the child is always subject to the authority of the judge having original jurisdiction over the contest * *
The trial judge ordinarily is in a better position than is the reviewing court to determine questions of custody, because he has the opportunity of observing the parties and witnesses during the trial. For that reason, when an appeal is taken from a judgment which awards or changes custody of a child, there obviously would be less chance of injury to the child by requiring the execution of the judgment of the trial court, rather than suspending the execution of it, pending the appeal. We think it was for these reasons that the Legislature adopted that portion of Article 3943 of the Code of Civil Procedure which provides, in effect, that an appeal shall not suspend the execution of that portion of the judgment of a trial court which awards or modifies custody of a child.
When we consider tire purpose which this article is intended to serve, we think it is clear that the Legislature did not intend for it to apply under the circumstances presented here. In this suit, the trial judge, after considering the issue of custody on its merits, determined on November 30, 1964, that the best welfare of the child would be served by awarding the custody to the father. No appeal was taken from that judgment, but if an appeal had been taken it would not have suspended the execution of such judgment pending the appeal. The proceeding filed later by Mrs. Roscoe does not raise the issue of custody or welfare of the child at all, and the judgment from which this appeal has been taken merely decrees that the November 30, 1964, judgment is null for reasons which have no relationship to the fitness of the parties or the welfare of the child. If Article 3943 of the Code of Civil Procedure should be applied here, and it should be determined that an appeal does not suspend the execution of the judgment annulling the former decree, then the result would be just the opposite from that for which this article was intended. It would mean that pending the appeal the custody of the child would not remain where the trial judge had determined was best for the child. We do not believe that the Legislature intended for that article to be applied under the facts and circumstances presented here.
Our conclusion is that the judgment appealed from does not "relate to custody,” as that term is used in LSA-C.C.P. Article 3943, and that the trial judge did not err in permitting plaintiff Thibodeaux to appeal suspensively. The motion to dismiss the appeal, therefore, is denied.

On the Merits

The trial court determined that the judgment rendered on November 30, 1964, awarding custody to Thibodeaux, was null and void because it had been rendered in a summary instead of an ordinary action. The judge cited and relied on the cases of Thornton v. Thornton, 234 La. 108, 99 So.2d 43; and McLin v. McLin, La.App. 1 Cir., 130 So.2d 748.
In the Thornton case, supra, a judgment of divorce was granted between the parties, but no mention was made therein of the custody of the children, neither party *81 having prayed to he awarded it. Later, the husband, by means of a rule nisi filed in the original proceeding, sought to have the divorce judgment modified so as to award him the custody of the children. The wife did not contest this proceeding, and the court rendered a summary judgment awarding custody to the husband. In a later proceeding, an issue was raised as to the validity of this summary judgment, and the matter was considered by our Supreme Court on supervisory writs. That court held that since the question of custody had not been placed at issue in the original divorce proceedings, the custody of the children could be determined and awarded only in an ordinary proceeding, and that the summary judgment purporting to award custody was null and void. In so holding, the court said:
“We agree that plaintiff proceeded improperly in seeking custody of the children and that the district court, on a rule to show cause, was without authority to modify its final judgment of divorce. Of course, when a divorce action is cognizable by a particular court the issue of custody of the children of the marriage may be determined therein. Also, the court may change a custody award therein made, on a rule to show cause, even after the divorce becomes final. But that is true only when the matter of custody is placed at issue in the original divorce proceedings and the court at that time takes jurisdiction of the res (the children) as an incident to the divorce action. If otherwise, on the finality of the divorce judgment there is nothing to which the matter of custody is or can be incidental. And it follows that a demand for custody must then be asserted in an independent action by petition and citation.”
In McLin v. McLin, supra, the judgment of divorce was silent upon the question of custody of the children, and our brothers of the First Circuit observed:
“Since the question of custody of the children was not placed at issue in the divorce proceedings, a demand for permanent custody must be asserted in another action by petition and citation * ‡ ifc»
An important distinction between the Thornton and the McLin cases, on the one hand, and the instant suit on the other, is that in each of the two earlier cases the matter of custody had not been placed at issue in the divorce proceedings and no award of custody was made in the judgment decreeing the final divorce. In the instant suit, unlike either of the cited cases, the matter of custody was placed at issue in the original divorce proceedings, and custody of the child was specifically awarded to one of the parties in the judgment of final divorce.
In view of the rulings made in the Thornton and McLin cases, we think it is clear that initial suits for custody of minor children must be brought by ordinary proceedings. The rule appears to be equally well established, however, that when the matter of custody has been placed at issue in the original divorce proceeding, and the court in that proceeding awards the custody to one of the parties as an incident to the divorce action, then the judgment thereafter may be modified insofar as it relates to custody by summary proceedings, even after the divorce has become final.
In the instant suit, since the issue of custody of the child was raised in the original divorce proceeding, and since the judgment which granted the final divorce also awarded custody of the child to one of the parties, we conclude that the court has taken jurisdiction of the matter of custody as an incident of the divorce action, and that the judgment may be modified by summary proceedings insofar as it relates to custody.
Mrs. Roscoe contends, alternatively, however, that the judgment rendered on *82 November 30, 1964, is void because the summary proceeding instituted by Thibo-deaux, seeking to obtain custody of the child, was instituted as a separate suit and not a part of the pending action.
We have already pointed out that the original divorce suit bears No. 50,149 of the docket of the trial court. This suit, originally instituted by Thibodeaux as a summary proceeding, bears No. 63,254 of the docket of that court. The summary action instituted by Thibodeaux to change the custody, therefore, was instituted as a separate suit under a separate docket number.
Appellee’s counsel argues that a judgment, which determines or awards the custody of a child, may be modified by a summary judgment only when the rule or summary proceeding is filed “in an existing suit or a suit that has been adjudged.” It is argued that the filing of this action by Thibodeaux under a new or different docket number constitutes the filing of a new suit, that the summary proceeding so instituted to change or modify the 1961 judgment relating to custody is fatally defective because it was not filed in the original or existing suit under the same docket number, and thus that the judgment rendered pursuant to this summary proceeding is void.
We cannot agree with appellee in this contention. We know of no rule or authority which requires that a summary proceeding instituted by one of the parties to modify or change an earlier judgment determining custody be instituted in the same suit or under the same docket number as that in which the original judgment was rendered. While it may be customary and more convenient for this summary proceeding to be filed in the same record and under the same docket number as the original divorce suit, we do not believe that the right of the plaintiff to proceed by rule for such a modification of custody is defeated simply because the petition for the rule is filed as a separate proceeding. We think the trial judge erred in holding that the summary judgment was void because the proceeding was filed and the judgment was rendered under a separate docket number.
Mrs. Roscoe further contends that the judgment of November 30, 1964, is null and void because she was not properly cited and served with legal process prior to the rendition of such a judgment.
The instant suit was instituted by Thibo-deaux on October 23, 1964. In compliance with the demands contained in his petition, a rule was issued by the trial court directing Mrs. Roscoe to show cause on November 24, 1964, why the custody of the child should not be awarded to plaintiff. On the day this suit was instituted, Mrs. Roscoe was properly cited and served with legal process.
The minutes of the trial court show that on the return date of that rule, November 24, 1964, and on motion of counsel for Thibodeaux, “the rule previously filed herein and made returnable this date is extended to and made returnable November 30, 1964, at 10:00 a. m.” A new notice was issued by the clerk on November 25, directed to Mrs. Roscoe, notifying her that the rule had been extended to and made returnable on November 30, 1964. This notice was returned without service, the return stating that the deputy “failed to locate Shirley Moore Roscoe in the Parish of Calcasieu, Louisiana, after a careful and diligent search therefor.”
The rule came up for trial on the extended return date, November 30, 1964, with plaintiff and his counsel being present. The defendant did not appear, either in person or through counsel, and up to that time no pleadings had been filed in behalf of Mrs. Roscoe. The trial court proceeded to try the rule, and following that trial a formal decree was rendered, read and signed awarding the permanent custody of the child to plaintiff Thibo-deaux.
*83 Mrs. Roscoe concedes that she was properly cited and served with process following the original filing of the suit. She contends, however, that the failure to serve her with the notice of the extended return date renders the judgment null and void.
LSA-C.C.P. Article 2002, provides that a final judgment shall be annulled if it is rendered “against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken.” And, Article 1312 of the Code of Civil Procedure provides that every pleading subsequent to the original petition shall be served on the adverse party.
In this case, no additional or amended pleadings were filed between the original return date, November 24, and the date on which the judgment was rendered, November 30, 1964. The record shows that the only action which took place on the original return date, November 24, was that plaintiff’s counsel appeared in open court and moved that the return day be extended until November 30.
Since no additional pleadings were filed after the original return date, the motion made by plaintiff’s counsel on that date amounted merely to a postponement or a rescheduling of the hearing on the rule. No authority has been cited to us which requires that the defendant in rule be formally served with notice of the fact that the trial of the rule has been rescheduled for a later date, especially when an order to that effect was issued in open court on the original return date. Also, we do not find that the appellee has been prejudiced in any way. The rule could have been tried and determined on the original return date, even though Mrs. Roscoe was not present or represented. The rescheduling of the hearing six days later simply gave her an additional period of time, within which period she could have appeared and asserted any defense or rights which she may have had. We, therefore, find no merit to this argument by the ap-pellee.
Our conclusion is that the summary judgment rendered on November 30, 1964, is valid, and that the trial court erred in later determining that it was null and void. We think it is appropriate to note, however, that the award of custody made by that judgment is not irrevocable (as was true of the 1961 decree), but is subject to modification at any time when a change of conditions demands or warrants it. Decker v. Landry, 227 La. 603, 80 So.2d 91; Fletcher v. Fletcher, La.App. 2 Cir., 170 So.2d 144.
For the reasons herein set out, the judgment appealed from is reversed, and judgment is hereby rendered in favor of Clarence Thibodeaux, and against Shirley Moore Roscoe, rejecting the latter’s demands that the judgment rendered on November 30, 1964, be decreed to be null and void. The costs of this appeal are assessed to Mrs. Roscoe, the appellee.
Reversed.