LANDRY, Judge.
Relatrix Mattie Dyson Bannister, widow of George W. Bannister, deceased, named defendant in two habeas corpus proceedings instituted before the Family Court, East Baton Rouge Parish, to determine custody of the minor, George Benjamin Bannister, issue of the former marriage of decedent George W. Bannister and Joyce Audrey Held Bannister, has applied to this court for writs of certiorari and prohibition to review the action of the Family Court in overruling her exception to the jurisdiction filed in each said proceeding.
The basis of Relatrix’s exceptions is that prior to institution of separate habeas corpus proceedings by Joyce Audrey Held Bannister and Dixie Martha M. Bannister, natural mother and paternal grandmother, respectively, of the minor, George Benjamin Bannister, in the Family Court, East Baton Rouge Parish, Relatrix was appointed dative tutrix of said minor, George Benjamin Bannister, in minority proceedings held before the Nineteenth Judicial District Court, East Baton Rouge Parish, to afford said minor representation in the *198 succession of his deceased father. On the premise that the jurisdiction of the Nineteenth Judicial District Court, East Baton Rouge Parish, is concurrent with that of the Family Court, East Baton Rouge Parish, in matters relating to minors, Rela-trix argues that since the former acquired jurisdiction of the child in the tutorship proceeding prior to filing of the aforesaid applications to the Family Court for writs of habeas corpus, the Nineteenth Judicial District Court thereby became vested with the exclusive right to determine the question of custody and the judge of the Family Court erred in concluding otherwise. We find that our colleague below, “Little Tom”, properly held the Family Court, East Baton Rouge Parish, has exclusive original jurisdiction in habeas corpus proceedings instituted for determination and enforcement of the right to custody of minors.
The facts of this case are not in dispute. A question of law only is presented for resolution. It is conceded that custody of the minor, George Benjamin Bannister, was awarded to his now deceased father, George W. Bannister, Jr., in the divorce proceeding which led to the dissolution of said decedent’s marriage to his first spouse, Joyce Audrey Held Bannister. Following his said divorce, decedent was married to relatrix, Mattie Dyson Bannister, with whom he resided at his death. On May 20, 1966, following the 'death of decedent George W. Bannister, Jr., relatrix was appointed dative tutrix of said minor in minority proceedings instituted before the Nineteenth Judicial District Court, East Baton Rouge Parish, to accord said minor representation in the succession of his deceased father.
Habeas corpus proceedings were subsequently brought January 13, 1967 and January 20, 1967, by the aforenamed paternal grandmother and natural mother, respectively, of the minor in the Family Court of East Baton Rouge Parish. Each said action named relatrix as defendant and prayed that the respective applicants be awarded custody of the minor, George Benjamin Bannister. These habeas corpus proceedings were consolidated for trial and, as previously shown, exceptions to the jurisdictions were filed in each case by relatrix, Mattie Dyson Bannister.
The fundamental questions presented for review herein are the distinction, if any, between tutorship and legal custody, and whether pursuant to constitutional authority relied upon by the judge of the Family Court, East Baton Rouge Parish, said tribunal has exclusive original jurisdiction in habeas corpus proceedings involving the custody of minors.
Relatrix contends that since the family court and judicial district court enjoy concurrent jurisdiction in matters relating to minors, the court first obtaining jurisdiction retains jurisdiction to the end of the controversy to the exclusion of the other tribunal.
In so contending, relatrix first urges that tutorship and legal custody are synonymous and that by express legal provision, tutorship includes the right to custody of the minor. As authority for this position, relatrix cites and relies upon LSA-C.C.P. Article 4261, the pertinent portion of which states: “The tutor shall have custody of and shall care for the person of the minor. * * * ”
Conceding, arguendo, tutorship carries with it at least some right to custody of the person of the minor, it nevertheless also appears that such custody. as attends tutorship is not necessarily exclusive or permanent. More particularly we refer to LSA-C.C. Article 253 which provides that the mother who refuses the tutorship of her minor children is nevertheless entitled to their custody. The article further provides that in such instances, the tutor is merely the custodian of the property of the minor. The case at bar presents just such a situation.
The concept that tutorship, although embracing some incidents of custody, is primarily concerned with the administration of *199 the minor’s business affairs has long been recognized. For example, in State Ex Rel. Peter v. Stanga, 161 La. 978, 109 So. 783, a father seeking custody of his minor child in a proceeding conducted contradictorily with the maternal grandparents, contended his prior appointment as natural tutor entitled him to custody. The court found the argument without substance on the ground that custody, as distinguished from tutorship, does not involve property rights, consequently the father’s appointment as natural tutor conferred upon him no greater right to custody than he possessed by law as parent of the minor.
It is settled law that custody of a minor is never granted permanently in the sense that once awarded it is nonreviewable and never again subject to judicial scrutiny or revision. Thibodeaux v. Roscoe, La. App,, 182 So.2d 77. The welfare of the minor being the prime consideration in a custody proceeding, the issue of custody may be reopened or re-examined by the courts when the interests of the minor so require. Decker v. Landry, 227 La. 603, 80 So.2d 91.
The facts of the instant matter graphically illustrate the necessity and practicality of finding that the Nineteenth Judicial District Court, East Baton Rouge Parish, possesses jurisdiction to appoint a dative tutor to superintend and administer the estate of an unrepresented minor. That the District Court had jurisdiction of the succession proceedings of the minor’s deceased father is not open to question. Unless the minor were properly represented therein, no proceedings binding upon said minor as the heir of the father could be held or conducted. It was not incumbent upon the District Court to defer consideration of the succession proceedings until such time as someone legally entitled to tutorship of the minor appeared and claimed the right. The law envisions the prompt settlement of the affairs of a deceased person. Consequently the District Court’s áppointment of relatrix Mattie Dyson Bannister was legal and proper. She is entitled to retain that tutorship until her removal or discharge therefrom in accordance with law.
However, insofar as concerns physical custody of the person of the minor, separate and apart from the right to administer the minor’s estate or represent the minor in civil affairs, it is clear beyond doubt that exclusive jurisdiction to determine such issue is vested in the Family Court, East Baton Rouge Parish.
The Family Court, East Baton Rouge Parish, was created and vested with jurisdiction pursuant to the terms of Louisiana Constitution Article 7, Section 53. By amendment to said constitutional provision adopted in 1956, said Family Court was vested with exclusive original jurisdiction in numerous matters including the following:
“(8) All proceedings for writs of habeas corpus for the determination and enforcement of rights to the custody of minors * *
There can be but little doubt that the foregoing amendment giving the Family Court exclusive original jurisdiction in proceedings to determine custody of minors was prompted by the 1955 Supreme Court decision in Kelly v. Kelly, 227 La. 275, 79 So.2d 307, which held that only the Supreme Court, Courts of Appeal and District Courts of the state possessed jurisdiction to issue writs of habeas corpus and that the Family Court lacked such authority.
The clear intent of the 1956 amendment to the applicable constitutional provision was to vest in the Family Court of East Baton Rouge Parish the exclusive original jurisdiction to determine custody cases formerly enjoyed by the Nineteenth Judicial District Court.
Accordingly, the writs herein issued are hereby recalled, rescinded and set aside and this matter remanded to the Honorable Family Court, East Baton Rouge Parish, *200 for further proceedings consistent with the views herein expressed. Costs of this application for writs to be paid by relatrix Mattie Dyson Bannister. All other costs to await the outcome of further proceedings herein.
Affirmed and remanded.