BOLIN, Judge.
John Paul Bellett instituted this habeas corpus proceeding seeking physical custody of his daughter, Becky Ann Bellett, who was, at the time of the petition, in the care of defendant, Mrs. Voncile Hardin Brin-son, maternal grandmother of the child. Defendant filed an answer and recon-ventional demand to the writ alleging certain facts which she claims render plaintiff unfit to have the custody of the child. Plaintiff’s answer to the reconven-tional demand denies all of the affirmative allegations therein. Prior to hearing on the writ plaintiff obtained physical possession of the child and, subsequently, petitioned the court for a summary judgment alleging the writ of habeas corpus to be moot and, further, that defendant’s allega *760 tions, if taken as true, were insufficient to constitute unfitness on his part to have custody of his daughter. The motion for summary judgment was tried on affidavits and from judgment sustaining the motion defendant appeals.
Facts pertinent to a resolution of this contest are hereinafter set forth. Becky Ann Bellett was born October 29, 1959, the only child of the marriage of John Paul Bellett and Anita Yvonne Brinson Bellett. Mrs. Bellett left her husband on September 7, 1964, and shortly thereafter went to Dallas, leaving Becky Ann with her mother, the defendant Mrs. Brinson of Vivian, Louisiana.
Mrs. Bellett met accidental death in Dallas August 24, 1966. The father filed this application for a writ of habeas corpus on April 5, 1967, seeking to have his daughter returned to his custody. Before trial of these proceedings Bellett married Cecelia Wilson. He was appointed natural tutor of the child and he and his wife subsequently instituted two proceedings for adoption, each having a child of their own. Under disputed circumstances Bellett obtained physical custody of Becky Ann and thereafter filed the motion for summary judgment.
Bellett contends in his answer to the re-conventional demand and in his affidavit filed with the motion for summary judgment that he is now married; has established a domicile in Vivian; that his present wife desires to adopt deponent’s child, Becky Ann Bellett, as her own; that their present physical custody of Becky Ann occurred when they invited her to come live with them and she accepted and, in conclusion, that the allegations contained in defendant’s reconventional demand and in her affidavit attached to her answer have no relation to plaintiff’s present situation and, even if true, which is denied, would not justify a decree depriving him of the custody of his daughter.
Appellant, on the other hand, has alleged in her reconventional demand that plaintiff had exhibited no interest in obtaining the child until she started drawing social security benefits in November, 1966; further, that John Paul Bellett is young, immature and not of good moral character; that during the lifetime of Becky Ann Bellett plaintiff in reconvention has been her main support; that John Paul Bellett, during his marriage to Anita Yvonne Brinson, had gone with other women; that the only real home Becky Ann Bellett has ever known is that of plaintiff in reconvention; and, in conclusion, that it would be a great shock physically and mentally to the child if she were given to her father. By means of the affidavit attached to defendant’s answer to the motion for summary judgment Mrs. Brinson stated that John Paul Bellett and his wife Cecelia are not morally fit to have the custody of Becky Ann Bellett; that the father and his present wife had, prior to their marriage, taken Becky Ann out on school nights to an establishment that sold intoxicating beverages; that the father never supported the child until November 1966; that he forcibly took Becky Ann from her school in Vivian and has since kept her virtually a prisoner in his home, refusing to let affiants see, talk to or visit with the child.
By this appeal three issues are presented:
(1) In a habeas corpus proceeding instituted by the surviving parent of a minor child does a grandmother, who has no legal claim to the child’s custody, have a standing in court to question the parent’s right to custody and thereby obtain an order granting her the right to retain possession and custody of the minor?
(2) Assuming the answer to the first question to be affirmative, does the return of the physical possession of the minor from the grandmother to the parent during the habeas corpus proceeding render such *761 proceeding moot even in cases where such possession was not obtained voluntarily?
(3) Under what conditions may a court render a summary judgment in a habeas corpus proceeding?
Giving consideration to the questions in the order presented, we first examine Louisiana Code of Civil Procedure, Article 3821:
“Habeas corpus is a writ commanding a person who has another in his custody to produce him before the court and to state the authority for the custody.
“Custody, as used in this Chapter, includes detention and confinement.
“A petition for a writ of habeas corpus may be filed by the person in custody or by any other person in his behalf.”
There is a section under the official comments as follows:
“(b) Habeas corpus has been issued almost exclusively in civil matters involving custody of children. Numerous cases recognize this as a proper use of the writ.” (cases cited.)
In State ex rel. Peter v. Stanga et ux., 161 La. 978, 109 So. 783 (1926) the Supreme Court considered a matter very similar to the one in the instant case. There the father sought by habeas corpus to obtain possession of his daughter who was in the physical custody of her maternal grandparents. The only claim the grandparents had over the child stemmed from the fact that the mother of the child died in giving her birth and the grandparents had voluntarily assumed the responsibility of caring for her. The court recognized the parent’s paramount right of custody over his child as contrasted to that of the grandparents, who had no legal claim of custody, but held that under exceptional circumstances where the welfare of the child would best be served the custody and care could be awarded to the grandparents in a habeas corpus proceeding. We, therefore, conclude that upon presentation of convincing evidence in support of her allegations and charges the grandparent in the instant case may well have a right to retain custody of Becky Ann in the habeas corpus proceeding instituted by the minor’s father, John Paul Bellett.
The answer to the second question posed herein seems to us to be elementary. By its very definition a habeas corpus is a writ commanding a person who has another in his custody to produce such person before the court and state the authority for the custody. In this case the writ issued ordering Mrs. Brinson to produce Becky Ann before the court and to show by what authority she was maintaining possession over her. By her answer and other pleadings she was prepared to do this and the order of the court should not be circumvented by the removal of the child from the possession of the grandmother who has asserted such removal was without her knowledge or consent.
Last for consideration is the proper interpretation to be given the provisions of the' Louisiana Code of Civil Procedure dealing with summary judgments as related to habeas corpus proceedings. Appropriate to this question are the following provisions :
Article 966:
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
“The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affi *762 davits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
Article 967:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.” * * *
The affidavits filed in support of and in opposition to the motion for summary judgment set forth diametrically opposed facts and conclusions. If the facts in Mr. Bellett’s affidavit are true, he is entitled to custody of his daughter. On the other hand, if all facts alleged in the affidavit filed by Mrs. Brinson are true, the court would be justified in granting the grandmother temporary custody of Becky Ann.
We are cognizant of the well-established jurisprudential rule in this State that the custody of a child should be awarded to the parents and the courts are reluctant to interfere with this parental right and authority except under exceptional circumstances. In such circumstances the party resisting the parent’s right has the burden of proving the latter’s disqualification or unfitness to have custody of the child. State ex rel. Martin v. Garza et al., 217 La. 532, 46 So.2d 760 (1950). However, this paramount right of custody is not absolute. State ex rel. Rothrock v. Webber, 245 La. 901, 161 So.2d 759 (1964).
In the motion for summary judgment if there is any “genuine issue as to material fact” the grandparent should have her day in court, conceding her burden of proof is so great as to be almost insurmountable. We find the affidavits show a genuine dispute as to the facts with regard to the fitness of the father to regain custody of his child and the trial court was, therefore, in error in sustaining the motion for summary judgment rather than proceeding with the trial on the merits or a hearing on the issues of fitness of the father and of how the best interests of the child might be served.
Counsel for appellee urges before this court that the reconventional demand filed by Mrs. Brinson to the petition for writ of habeas corpus was improper and should not be considered. We do not find this material to the questions before this court. Conceding arguendo the validity of this contention, Mrs. Brinson’s answer to the original petition for a writ of habeas corpus, taken alone, was sufficient to put at issue the question of the proper party to be awarded the custody of the minor child.
For the reasons assigned the judgment appealed from is annulled and set aside and the case is remanded to the lower court for further proceedings in accordance with law and not inconsistent with the views herein expressed.
The costs of this appeal are assessed against John Paul Bellett, all other costs to await the-final outcome of the case.
Reversed and remanded.