PER CURIAM.
On April 27, 1977, the petitioner Norman Ross, Jr. was convicted in the City Court of Baton Rouge of having violated the provisions of La.R.S. 32:414 relative to surrender of a driver’s license after its suspension, cancellation or revocation. Sometime thereafter the petitioner filed an application for a writ of habeas corpus in the City Court of Baton Rouge, contending that he was wrongly convicted of the offense. The application was denied on July 21, 1978 on the ground that city courts are not empowered to grant writs of habeas corpus.
The city court’s ruling was erroneous. While Article 7, § 2 of the Louisiana Constitution of 1921 specifically limited the authority to issue writs of habeas corpus to judges of the supreme court, the courts of appeal and the district courts, see Kelly v. Kelly, 227 La. 275, 79 So.2d 307 (1955), the language in the 1974 constitution is broader. Article 5, § 2 of the Louisiana Constitution of 1974 provides, in pertinent part, that “[a] judge may issue writs of habeas corpus and all other needful writs, orders, and process in aid of the jurisdiction of his court.” It was the intent of the framers of the 1974 constitution that city court judges have the authority described in this section. See State of Louisiana Constitutional Convention of 1973 Verbatim Transcripts Aug. 15, 1973 at 11; Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La.L.Rev. 765, 794 (1977). Thus the City Court of Baton Rouge has jurisdiction to consider an application for writ of habeas corpus based on allegation that a conviction obtained in that court was illegal. La.C.Cr.P. arts. 17, 352.
Petitioner’s writ of review is granted and the case is remanded to the City Court of Baton Rouge for further proceedings in accordance with law.
SUMMERS, J., dissents.