Michael L. McDorman, Versailles, for Michael Fulton.

Gary William Smith, Sedalia, for Barbara Fulton.

**Joseph KNIGHT and Wilma Knight, Intervenors–Appellants,**

**v.**

**Michael Gene FULTON, Petitioner–Respondent,**

**and**

**Barbara Elaine Fulton, Respondent.**

**No. WD 41180.**

Missouri Court of Appeals, Western District.

May 16, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1989.

Application to Transfer Denied Aug. 1, 1989.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellants, Joseph and Wilma Knight, appeal an order of the circuit court which overruled their Motion to Intervene in a dissolution action between their daughter, Barbara Elaine Fulton and their son-in-law, Michael Gene Fulton.

Michael Gene Fulton, respondent herein, filed a Petition for Dissolution of his marriage to Barbara Elaine Fulton, on September 8, 1988. The Petition alleged that there were two children born of the marriage, namely Holly Jo Fulton, born September 1, 1983, and Sarah Dawn Fulton, born January 1, 1987. Appellants filed a Motion to Intervene on October 6, 1988. Barbara Fulton filed Suggestions in Opposition to appellants' Motion to Intervene on October 13, 1988. On October 14, 1988, a hearing was held on appellants' Motion to Intervene and said Motion was taken up on the arguments and suggestions of counsel. Appellants' Motion to Intervene was overruled and this appeal followed.

Appellants' sole point on appeal is that the trial court erred because they have a statutory right to intervene under Section 452.375, RSMo Supp.1988.

Subsection 4 is the relevant portion of Section 452.375, RSMo Supp.1988, and it provides as follows:

"4. Prior to awarding the appropriate custody arrangement in the best interest of the child, the court shall consider each of the following as follows:

(1) Joint custody to both parents, which shall not be denied solely for the reason that one parent opposes a joint custody award;

(2) Sole custody to either parent; or

(3) Third party custody;

(a) When the court finds that each parent is unfit, unsuitable, or unable to be a custodian, or the welfare of the child manifestly demands, and that it is in the best interests of the child, then custody shall be awarded to any other person or persons deemed by the court to be suitable and able to provide an adequate and stable environment for the child. Before the court places custody with a third person under this subdivision, the court shall make that person a party to the action;

(b) *Under the provisions of this subsection,* any person may petition the court to intervene as a party in interest as provided by law.

(Emphasis added)

The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. *Metro Auto Auction v. Director of Revenue,* 707 S.W.2d 397, 401 (Mo. banc 1986).

Appellants' argument that Section 452.-375, RSMo Supp.1988, establishes a statutory right allowing grandparents to intervene in a dissolution action, where custody of their grandchildren is in dispute, is not supported by the language of the statute. The provisions of Subsection 4, subdivision (3)(b) of Section 452.375, RSMo Supp.1988, provide for intervention by third parties only after a finding by the court that each parent is unfit, unsuitable, or unable to be a custodian, or that the welfare of the child manifestly demands custody be placed in a

third party. No such finding had been made by the court in the case at bar.

The judgment of the trial court denying appellants' Motion to Intervene is affirmed.

All concur.