# GOVERNMENT OF THE VIRGIN ISLANDS IN THE MATTER OF THE APPLICATION OF THE DEPARTMENT OF HUMAN SERVICES FOR THE TEMPORARY CARE, CUSTODY AND CONTROL OF: N.R.-1, N.R.-2, C.R.-1, and C.R.-2, Minors

Family No. C39/1990

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 17, 1992

DOUGLAS DICK, ESQ. and DENISE GEORGE–COUNTS, ESQ. (Assistant Attorneys General), St. Thomas, V.I., *for the Government*

MARIA T. HODGE, ESQ. (HODGE & FRANCOIS), St. Thomas, V.I., *for J.R., the natural mother*

JACQUELYN MITCHELL, ESQ. (Legal Services of the Virgin Islands), St. Thomas, V.I., *for Intervenors*

HENRY FEUERZEIG, ESQ. (DUDLEY, TOPPER & FEUERZEIG), St. Thomas, V.I., *Guardian Ad Litem for minors*

MEYERS, *Judge*

## MEMORANDUM OPINION

An emerging issue in several jurisdictions requires courts to resolve the rights of grandparents to intervene for the custody of their minor grandchildren. This court holds that where the custody contest is not between parents, the grandparents' motion for intervention will be granted.

## FACTS AND PROCEDURAL HISTORY

J.R., the mother of the minor children in this action, has been described by Dr. Ann Barnard, a psychologist, as "profoundly

mentally retarded." J.R. is the mother of four children who range in ages from eight to twelve. None of the children has been acknowledged by a father. J.R. was adopted by E.R. and M.R. (the grandparents), who have brought this action to intervene. The minor children have lived with the grandparents since birth due to their mother's inability to provide for them.

At some point, the grandmother suffered a stroke, and the children were voluntarily placed with the Department of Human Services (D.H.S.). The children were separated and placed in foster care by D.H.S., and that agency petitioned the court to terminate the parental rights of J.R. pursuant to 5 V.I.C. 2550(b). That action then prompted the grandparents to petition the court for leave to intervene, since they have stood in loco parentis to the minors since their respective birthdates.

The Government did not respond to the petition to intervene, despite the fact that it had been granted additional time to do so. However, the Government subsequently moved to amend its petition to one for temporary custody of the minors because it ". . . has determined that termination of parental rights is not appropriate . . . since the minors are not candidates for adoption . . . ."

## THE LAW

A parent's interest in the care and custody of children has been recognized as being worthy of the protections of the Fourteenth Amendment. See Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212 (1972); Santosky v. Kramer, 455 U.S. 745, 752, 102 S.Ct. 1388 (1982). A plurality of the United States Supreme Court has also concluded that grandparents have a similarly protected interest in the care and custody of their grandchildren. For instance, in Moore v. City of East Cleveland, Ohio, 433 U.S. 494, 97 S.Ct. 1932 (1977), the Supreme Court invalidated an ordinance which defined a family in a manner which would prevent a child from living with his grandmother. The Court stated:

> This Court has long recognized that freedom of personal choice in matters of marriage and family life is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment.

Id. at 499, 97 S.Ct. at 1935. The Court found the ordinance to be unconstitutional.

■ The United States Court of Appeals for the Third Circuit has declined to decide whether grandparents have a constitutionally protected interest in the care and custody of their grandchildren. See Gardner v. Carson, 874 F.2d 131, 141 n.16 (3d Cir. 1989). But the Seventh Circuit in Drollinger v. Milligan, 552 F.2d 1220 (7th Cir, 1977), found such an interest. Though the Court devoted only a footnote to the question, it found:

> The nuclear family has traditionally constituted the unit afforded the protection of due process. We see no reason, however, not to extend this guaranty to the grandfather-grandchild relationship.

Id. at 1227, n.6. Though several other Circuits have not directly addressed this question, this court is persuaded by the reasoning of the Seventh Circuit in finding a relationship worthy of constitutional protection in grandparent and grandchild.

The court is guided, too, by the recognition that this community is one which is family-oriented. Despite the fact that we have no statute which addresses this issue directly, other statutes, such as the ones governing guardianships of minors, express a preference for placement of wards with relatives.[1] This stated preference evidences a public policy geared towards maintaining intact the family unit, wherever possible.

The court now considers whether this relationship confers rights upon the grandparents such that E.R. and M.R. would have standing to intervene in the present action.

Several cases have dealt with the custody situations in which the grandparents have challenged the rights of a natural parent or parents. In Bellett v. Brinson, 206 So. 2d 758 (La. Ct. App. 1968), the court held that a grandmother who had no legal claim to the child's custody, nevertheless, had standing to question the parents right to custody. Similarly, a Texas court has allowed a grandparent to intervene in a divorce suit between the child's parents and to seek custody of the child. Kesler v. McGuire, 109 S.W.2d 1115 (Tex. Civ. App. 1937).

---

[1] "Whenever it is the duty of the court to appoint a guardian for a minor, the relatives of such minor, whether male or female, upon application to the court shall in all cases be appointed, the nearest relative having precedence who is not legally responsible for the support of the minor, provided he is of good moral character and is otherwise competent to discharge the duties of guardian to such ward." 15 V.I.C. Section 823.

In contrast, the Missouri Court of Appeals has held that grandparents do not have a right to intervene in custody proceedings where custody of their grandchild is in dispute, without a prior determination by the trial court, granting in the child's best interest, custody to someone other than the parents. In this case, however, the court's decision turned on the interpretation of a state statute which dealt specifically with the existence of this right in the grandparents. The Missouri statute in question provided:

> Prior to awarding the appropriate custody arrangement in the best interest of the child, the court shall consider each of the following as follows:
> (3) Third party custody
> (a) When the court finds that each parent is unfit, unsuitable, or unable to be a custodian, or the welfare of the child manifestly demands, and that it is in the best interests of the child, the custody shall be awarded to any other person or persons deemed by the court to be suitable and able to provide an adequate and stable environment for the child. Before the court places custody with a third person under this subdivision, the court shall make that person a party to the action.

Mo. Rev. Stat. Section 452.375(4)(3)(a) (1988).

The court concluded that this statutory right of intervention on the part of the grandparents arises only after a determination that the parents are unfit. See Knight v. Fulton, 773 S.W.2d 142 (Mo. 1989).

Such a result, however, should not control in the case sub judice, where there is no such statute. The statutory reasoning in Knight appears to be directed at preventing third-party intervention in a custody battle between the natural parents. Here there is no such consideration. As the evidence has shown, there is no father involved in the contest and the children have virtually never been in the physical custody of their mother.

## CONCLUSION

■ The Court is of the opinion that the grandparents should be considered so long as they are willing and able to provide the care, attention and love to their grandchildren. Therefore, the grandparents' motion to intervene will be granted.

## ORDER

In accordance with the Memorandum Opinion of even date, it is hereby

ORDERED that the grandparents' motion to intervene in this action for custody be and is hereby GRANTED.